IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC, CLERK, CHARLESTON, SC

2011 DEC 27 P 1:01

| | |
|---|---|
| Christina Kennedy, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:10-cv-1661-RMG |
| ) | |
| vs. ) | |
| ) | |
| Credit Central, Inc., ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the Court on Defendant's motion for summary judgment. (Dkt. No. 21). Defendant has moved for summary judgment against Plaintiff's claims of sexual harassment and retaliation arising under Title VII of the Civil Rights Act of 1964. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to a Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation on October 18, 2011 recommending that Defendant's motion for summary judgment be denied. (Dkt. No. 34). Defendant objected to the Report and Recommendation (Dkt. No. 35), and Plaintiff filed a reply to the objection. (Dkt. No. 37). The Court hereby adopts the Report and Recommendation of the Magistrate Judge and denies Defendant's motion for summary judgment, as further explained below.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination rests with this

-1-

Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and may accept, reject or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

This action arises out of the employment relationship of Plaintiff, a former manager of Defendant's Summerville, South Carolina branch of its small loan business. Plaintiff alleges that shortly after she went to work for Defendant her immediate supervisor, Jim Maas, began sexually harassing her. This allegedly included both sexually charged communications and physical contact. Plaintiff alleged that her assistant manager, Susan Reynolds (now Gould), also was sexually harassed by Maas. Plaintiff alleges that the sexual harassment involving her began soon after her June 2008 employment and continued until she first reported the actions of Maas to the state director, Louise Stokes, on July 16, 2009. Following the report of sexual harassment to Stokes, Ms. Reynolds was promptly transferred out of the Summerville office to another location and Plaintiff, some 19 days later, was terminated by Defendant for alleged deficient performance. Stokes also removed Maas as supervisor over the Summerville branch but rescinded that action after Reynolds was transferred and Plaintiff was terminated.

Defendant is entitled to summary judgment only if it can show that there is no genuine issue of material fact and it is otherwise entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All facts and inferences are read in a light most favorable to the non-moving party. *United States v. Diebold*, 369 U.S. 654, 655 (1962). Defendant asserts the *Faragher/Ellerth* defense, which provides an employer a defense to the sexual harassment actions of a supervisor if no "tangible employment action" has been taken against the alleged victim of the harassment, the

employer has in place a functioning anti-harassment policy that represents reasonable care to prevent harassment and the employee "unreasonably failed" to take advantage of the defendant's sexual harassment policy. *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998). The Court agrees with and adopts the analysis of the Magistrate Judge that there is a genuine issue of material fact concerning whether a "tangible employment action" of discontinuing Plaintiff's $1,000 per month bonus was taken by Defendant, which makes disposition of the sexual harassment claim inappropriate by way of summary judgment.

Additionally, the Court finds that there is a genuine issue of material fact concerning whether Plaintiff "unreasonably failed" to utilize Defendant's sexual harassment policy. Plaintiff and Ms. Reynolds testified that Maas relayed independently to each of them that another employee had filed a sexual harassment claim against him. Maas allegedly indicated to Plaintiff and Reynolds that he intended to fire the employee. (Dkt. No. 29-4 at 38-39; Dkt. No. 29-5 at 16-17). It is well settled that a generalized fear of retaliation does not constitute a reasonable basis not to use an employer's sexual harassment policy. *Matvia v. Bald Head Island Management, Inc.*, 259 F.3d 261, 270 (4th Cir. 2001). Under the facts alleged by Plaintiff here, which for purposes of this motion are presumed to be true, a supervisor relayed to two subordinate female employees he was *then* harassing that another employee who had reported him for sexual harassment was facing termination as a consequence. The Court finds that a reasonable jury could conclude on these facts that the failure of Plaintiff to report her supervisor's sexual harassment under the Defendant's harassment policy was not "unreasonable".

Defendant further argues that it is entitled to summary judgment on the retaliation claim because it asserts that company records establish that Plaintiff's termination was performance

based and unrelated to the report of sexual harassment. The Defendant has asserted a narrative and supporting documents purporting to show that Plaintiff's termination was the result of her inadequate performance as the Summerville branch manager. Plaintiff has asserted her own set of facts and supporting documents that Plaintiff asserts shows that her performance was average or better within the new branch offices of Defendant. Further, Plaintiff asserts that her termination nineteen days after reporting her supervisor's harassment, the involuntary transfer of her assistant manager and fellow accuser, Ms. Reynolds, and Maas' prompt reinstatement as supervisor upon Plaintiff's termination further provide factual support to show Defendant's allegedly legitimate non-discriminatory reason for her termination is pretextual. The Court adopts the reasoning and conclusions of the Magistrate Judge that there is a genuine dispute of material fact that makes summary judgment on the retaliation claim inappropriate.

## Conclusion

The Court adopts the Report and Recommendation of the Magistrate Judge, with the additional ground set forth above, and **DENIES** Defendant's motion for summary judgment. (Dkt. No. 21).

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
December 27, 2011

-4-